1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEVIN DUNIGAN,

11              Plaintiff,                No. CIV S-10-2965 MCE EFB P

12        vs.

13   UNITED STATES, et al.,

14              Defendants.              ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding pro se in this action brought under 42 U.S.C.

17   § 1983.[1]  He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

18   Dckt. No. 2.

19   **I.    Request to Proceed In Forma Pauperis**

20        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

21   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

22   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

23   § 1915(b)(1) and (2).

24   *////*

25   _____

26        [1]  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
     § 636(b)(1).

**II.     Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

1   42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

2   establish the defendant's personal involvement in the constitutional deprivation or a causal

3   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

4   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

5   (9th Cir. 1978)

6       The court finds the allegations in plaintiff's complaint so vague and conclusory

7   that it fails to state a claim upon which relief can be granted.  The complaint consists of

8   unrelated, stream-of-consciousness ramblings.  Dckt. No. 1.  In the caption of the complaint,

9   plaintiff lists the United States, DEA, ATF, FBI, CIA, People of the State of California, CDCR,

10  SEC and IRS as defendants.  In the body of the complaint, plaintiff adds as defendants, Barack

11  Obama, Arnold Schwarzenegger, Matthew Kate, Edmund G. Brown, Jr., U.S. Marshals and all

12  active California city and/or county law enforcement officials.  Within the complaint, plaintiff

13  lists his criminal convictions, complains of a conspiracy, and alleges he has been bullied, and

14  received death threats through subliminal messaging.  As relief, plaintiff requests the right to

15  bear arms.  Additionally, for reasons not apparent to the court, plaintiff included with his

16  complaint, a copy of a complaint filed in another action plaintiff is litigating, *Dunigan v. United*

17  *States*, 2:10-cv-2294 GEB DAD, Dckt. No. 16.  Plaintiff has also filed a "supplemental

18  complaint," naming as defendants Churches Chicken Corp., McDonalds Corp., Time Warner

19  Cable, Fed Ex, Kayak search engine, and UPS, among others.  Dckt. No. 4.  Plaintiff alleges that

20  through these companies and the media, President Obama is advancing "gay policies" and

21  mocking plaintiff.   Although the Federal Rules of Civil Procedure adopt a flexible pleading

22  policy, a complaint must give fair notice and state the elements of the claim plainly and

23  succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

24  must allege with at least some degree of particularity overt acts which defendants engaged in that

25  support plaintiff's claim.  *Id.*  Plaintiff's complaint must be dismissed.  Thus, to proceed plaintiff

26  must file an amended complaint.

1        Any amended complaint must adhere to the following requirements:

2        It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

3   Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

4   complaint, the original pleading is superseded.

5        It must show that the federal court has jurisdiction and that plaintiff's action is brought in

6   the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

7   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

8   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

9   *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

10  he does an act, participates in another's act or omits to perform an act he is legally required to do

11  that causes the alleged deprivation).

12       It must contain a caption including the name of the court and the names of all parties.

13  Fed. R. Civ. P. 10(a).

14       Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

15  P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences,

16  the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join

17  multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims

18  against different defendants must be pursued in multiple lawsuits.  "The controlling principle

19  appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as

20  alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple

21  claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

22  unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in

23  different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

24  produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

25  Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

26  without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605,

607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed in forma pauperis is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

1    3. The complaint is dismissed with leave to amend within 30 days. The amended

2    complaint must bear the docket number assigned to this case and be titled "First Amended

3    Complaint." Failure to comply with this order will result in a recommendation that this action be

4    dismissed/this action being dismissed. If plaintiff files an amended complaint stating a

5    cognizable claim the court will proceed with service of process by the United States Marshal.

6    Dated: April 5, 2011.

7

8                                        EDMUND F. BRENNAN
                                         UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26