IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN DUNIGAN,

      Plaintiff,                    No. CIV S-10-2965 MCE EFB P

    vs.

UNITED STATES, et al.,

      Defendants.          <u>ORDER AND</u>
<u>FINDINGS AND RECOMMENDATIONS</u>

                              /

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). After a dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint.[1]

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

---

[1] On July 5, 2011, the undersigned recommended that this action be dismissed for failure to state a claim after plaintiff failed to file an amended complaint as ordered. Dckt. No. 16. Although the amended complaint was not timely filed, in light of plaintiff's pro se status, the court will vacate the July 5, 2011 findings and recommendations and address plaintiff's first amended complaint.

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

In screening plaintiff's original complaint, the court stated as follows:

> The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted.  The complaint consists of unrelated, stream-of-consciousness ramblings. Dckt. No. 1. In the caption of the complaint, plaintiff lists the United States, DEA, ATF, FBI, CIA, People of the State of California, CDCR, SEC and IRS as defendants.  In the body of the complaint, plaintiff adds as defendants, Barack Obama, Arnold Schwarzenegger, Matthew Kate, Edmund G. Brown, Jr., U.S. Marshals and all active California city and/or county law enforcement officials.  Within the complaint, plaintiff lists his criminal convictions, complains of a conspiracy, and

> alleges he has been bullied, and received death threats through subliminal messaging. As relief, plaintiff requests the right to bear arms. Additionally, for reasons not apparent to the court, plaintiff included with his complaint, a copy of a complaint filed in another action plaintiff is litigating, *Dunigan v. United States*, 2:10-cv-2294 GEB DAD, Dckt. No. 16. Plaintiff has also filed a "supplemental complaint,"naming as defendants Churches Chicken Corp., McDonalds Corp., Time Warner Cable, Fed Ex, Kayak search engine, and UPS, among others. Dckt. No. 4. Plaintiff alleges that through these companies and the media, President Obama is advancing "gay policies" and mocking plaintiff. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* Plaintiff's complaint must be dismissed. Thus, to proceed plaintiff must file an amended complaint.

Dckt. No. 11 at 3. The dismissal order also informed plaintiff that unrelated claims against different defendants must be pursued in multiple lawsuits, and that plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *Id.* at 4-5 (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) and Fed. R. Civ. P. 20(a)(2)). The court further informed plaintiff that an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Additionally, the court informed plaintiff that in any amended complaint, the allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). The court warned plaintiff that a long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants, very likely will result an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of the court's instructions.

In the amended complaint, plaintiff alleges that defendants, most of whom are named for the first time in the amended complaint, initiated criminal proceedings against plaintiff, and that

he was given a "homosexual attorney . . . who continually was sticking his tongue out a[t] plaintiff during attorney-client meetings," and professed his "love of the plaintiff." Dckt. No. 18 at 4, 5.[2] Plaintiff then alleges there was prosecutorial misconduct and a judicial abuse of discretion in his first trial, which resulted in a hung jury. *Id.* at 6. Plaintiff suggests there was a second trial, and that he faced a prison sentence of up to seven years, but plaintiff does not indicate the outcome of that trial. *Id.* He does, however, reference a conviction that resulted in a three year sentence. *Id.* at 7. Plaintiff repeatedly refers to alleged forms of "homosexual sexual harassment." *Id.* at 9. Plaintiff then refers to another allegedly illegal arrest and trial. *Id.* at 10.

Like the original complaint, the amended complaint is vague and conclusory, and consists of stream of consciousness ramblings. It violates Rule 8 of the Federal Rules of Civil Procedure because it does not contain a short an plain statement of plaintiff's claims. It is also not responsive to the dismissal order because it concerns new and unrelated claims that were not alleged in the original complaint. *See id.* As drafted, the court cannot understand the underlying factual allegations that allegedly resulted in any constitutional violation. Moreover, the claims appear to be frivolous under 1915A(b)(1) because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989). Accordingly, plaintiff's amended complaint must be dismissed.

The court will not grant plaintiff leave to file an amended complaint. Despite notice of the complaint's deficiencies and an opportunity to amend, it appears that the complaint lacks merit and "cannot possibly be saved." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made,

---

[2] These and subsequent page number citations to plaintiff's filings are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS ORDERED that the findings and recommendations filed July 5, 2011, are vacated.

Further, IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and for plaintiff's failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   March 21, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE